IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ] | 12-B-46655 |
| Symphony Transport, Inc. | ] | |
|     d/b/a Big R Transport | ] | chapter 11 |
| | ] | |
| Debtor | ] | Judge Jack B.Schmetterer |

### FINAL ORDER APPROVING MOTION TO APPROVE POST PETITION FACTORING, TO FACTOR POST PETITION ACCOUNTS, TO GRANT NUNC PRO TUNC ADMINSTRAIVE PRIORITIES AND LIENS

This matter coming on upon the final hearing after notice of the entry of the interim order on this matter on November 28, 2012 upon the debtor's motion to Approve Post-Petition Factoring, To Factor Post Petition Accounts, To Grant Nunc Pro Tunc Administrative Priorities and Liens; notice having been given; no objection having been made; the court finding that the Debtor has not been able to obtain unsecured or secured financing on better terms, and that allowing the Debtor to factor its accounts receivable post petition with APEX is the best available option to the Debtor to maintain itself its source of income and to enable it to continue operations and formulate a successful plan of reorganization, and hearing the statements of counsel and being fully advised in the premises:

    Accordingly, it is hereby Ordered

(a)     The Interim Order entered on November 28, 2012, shall become a 'final' order subject to the terms contained therein.

(b)     To the extent APEX has entered post-petition factoring transactions or made post-petition purchases of accounts with and from the Debtor between the petition date of November 28, 2012 and the entry of this Order, said factoring transactions and purchases are approved as having been made for the benefit of the Debtor. Further, to the extent they do not conflict with this Order, the terms of the Post-Petition Factoring Agreement are adopted by reference and shall govern the relationship between the Debtor and APEX and any post-petition factoring transactions they may enter.

(c)     The Factoring Agreement in place between the Debtor and APEX will continue in full force and effect despite the Debtor's bankruptcy and no further orders of this Court are necessary for any and all terms, liens, covenants, obligations, rights and remedies and modifications thereto and thereunder to continue and they are enforceable in accordance with their terms.

(d) Any pre-petition factoring transactions between APEX and the Debtor will continue to be secured, in the same priority and to the same extent, by APEX's interest in its collateral as described in the Factoring Agreement and the pre-petition Reserve Account established and defined pursuant to the Factoring Agreement and Apex may continue to collect and apply the proceeds of all pre-petition factored accounts and pre-petition Reserve Account in its usual and normal course of business, subject to the terms of the pre-petition Factoring Agreement. The Debtor will remain obligated for any shortfall in the proceeds of the factored accounts and the pre-petition Reserve Account pursuant to the pre-petition Factoring Agreement and Apex will be entitled to file a claim against the estate of the Debtor (or Guarantors should either or both file bankruptcy) for any unpaid amounts. Nothing therein shall limit any party other than the Debtor, and any subsequently appointed creditor's committee or trustee, from raising any issue regarding APEX's perfection or any payment to APEX.,

(e) APEX is granted replacement liens, in the same priority and to the same extent, in all of the Debtor's post-petition accounts receivable for all debts arising as a result of its post-petition factoring of the Debtor's accounts and any unpaid debts generated thereby or arising thereof.

(f) Pursuant to 11 U.S.C. § 503(b), APEX is granted nuno pro tunc to November 28, 2012 an Administrative Priority Claim in accordance with the terms of this Order for payment in the debtor's bankruptcy case for post-petition factoring of Debtor's accounts and any unpaid debt generated thereby and thereof that are neither collected nor repurchased in accordance with the Factoring Agreement. The Debtor could not continue operations without this administrative priority claim and it will not be primed or otherwise subordinated to any further administrative or priority claims. However, this administrative priority claim is subordinate to the allowance of professional fees under 11 U.S.C §§ 327 and 330 of the Bankruptcy Code. The Debtor shall pay quarterly fees to the United States Trustee, pursuant to 28 U.S.C. § 1930 (a) (6), until this case has been converted, dismissed, or closed by the Bankruptcy Court. These fees shall have priority over any sums due and owing to APEX under this order.

(g) No additional filings are necessary to perfect and enforce the liens created herein but APEX may file documents of perfection and the Debtor is directed to execute the same as APEX deems appropriate or necessary, without the necessity of making application to this Court. For this purpose the provisions of the automatic stay imposed by 11 U.S.C. § 362 are hereby lifted.

(h) APEX is only obligated to continue factoring under the terms of the Client Agreement as modified and approved by the terms of this Order, until the first of the following: (1) the Debtor obtains alternative factoring or DIP financing; (2) the Debtor's bankruptcy case is dismissed or converted to one under Chapter 7 of the bankruptcy code; (3) the Debtor shall fail to comply with the recourse

terms of the Factoring Agreement, as the same is modified by this Order, or (4) failure to enter into a final order, at which time it may cease to factor the Debtor's accounts. APEX's pre-petition liens and the post-petition liens and administrative expenses and priorities approved herein will not be affected or modified by APEX's discontinuing factoring of the Debtor's accounts.

(i) Nothing herein shall determine the legal relationship of the Debtor and APEX with respect to the pre-petition factoring agreement without further order of the Court.

Entered: 1/8/13

Honorable
United States Bankruptcy Judge

JAN 0 8 2013