## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ] | 12-B-46655 |
| Symphony Transport, Inc. | ] | |
|    d/b/a Big R Transport | ] | chapter 11 |
| | ] | |
| Debtor | ] | Judge Jack B. Schmetterer |

### NOTICE OF HEARING

**to the attached Service List:**

     **PLEASE TAKE NOTICE, that on the 23rd day of September 2013, at the hour of 10:30AM** I shall appear before the honorable Judge Schmetterer, in courtroom 682 usually occupied by him in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **Debtors Motion to Close its Chapter 11 Case and Entry of a Final Decree..** A copy of which is annexed hereto.
.

### CERTIFICATE OF SERVICE

    I, Mitchell Elliot Jones, an attorney, state that I caused a copy of this notice to be served upon the all parties on the attached list, by first class mail or as noted on August 23, 2013.



Mitchell Elliot Jones
Jones Law Offices
1236 Chicago Avenue, #302
Evanston, Illinois 60202
(312) 282-7849
ARDC Atty# 3126182

Trans-Chicago Truck Group
776 N. York Rd
Elmhurst, Il 60126

Patten
635 W. Lake St
Elmhurst, Il 60126
Veolia
4612 W. Lake St
Melrose Park, Il 60160

Illinois Tollway Authority
C/O Arnold Scott Harris, PC
222 Merchandise Mart Plaza
Suite 1932
Chicago, Il 60656

APEX Capital LP*[1]
6000 Western Place
Suite 1000
Fort Worth, TX 76107
Dean.tetitick@apexcapitalcorp.com

Wingfoot Commercial Tire*
Hunter Warfield
4620 Woodland Corporate Blvd
Tampa, FL 33614
hwibankruptcy@hunterwarfield.com

I-55 Trailer Services Inc*
Eugene J. Rudnik, Jr.
Kemp & Grzelakowski, Ltd.
1900 Spring Road, Suite 500
Oak Brook, IL 60523

Douglas, Knight & Assoc
C/O Grange Insurance
PO B 10517
Bradenton, Fl 34282

Transportation Personnel Services, Inc.
1000 Jorie Boulevard
Oakbrook, Illinois 60523

High PSI Ltd
75 N. Brandon Dr
Glendale Heights, Il 60139

NTS Trailer Services
13333 Main St
Lemont, Il 60439

Convergent Commercial
C/O Fleetmatics
925 Westchester Ave
Suite 101
White Plains, NY 10604

Compass Leasing, LLC*
c/o Bishop & Laforte
Two TransAm Dr
Oakbrook Terrace, Il 60181
GlaForteJr@bishoplaforte.com

Illinois Tollway Authority
C/O Arnold Scot Harris, PC
222 merchandise Mart Plaza
Chicago, Il 60654

Rory Neill
Neill Cartage
5400 Proviso Dr
Berkerley, Il 60163

Emjay Trailer Sales and Leasing*
6600 W 51 St
Forest View, Il 60638
William Brejcha
<WDBREJCHA@scopelitis.com>

Illinois Dept of Revenue*
Bankruptcy Section
PO Box 64338
Chicago, Illinois 60664
Faith Dolgin <Faith.Dolgin@Illinois.gov>

---

[1] (*) By email

Illinois Dept of Employment Security*
Benefit Payment
Control Division
PO Box 4385
Chicago, Il 60680
"Prousis, Michael T."
<Michael.Prousis@Illinois.gov>

Dept of the Treasury
Internal Revenue Service
230 South Dearborn Street
Room 2600
M/S 5014CHI
Chicago, Illinois 60604

State of Illinois
Illinois Workers Compensation Commission
Insurance Compliance Department
100 West Randolph Street
Suite 8-200
Chicago, Illinois 60601

Robert Warren*
6424 W. Gunnison St
Harwood Heights, Il 60706
Robert Warren <bigrtransport@aol.com>

Douglas Morrison*
Morrison & Mix
120 N. LaSalle Street
Chicago, Il 60602
"Douglas Morrison, Esq."
<dkmorrison@morrisonandmix.com>

John Dose
36 Glen Echo Road
Elgin, Illinois 60120

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In Re:** ] | **12-B-46655** |
| **Symphony Transport, Inc.** ] | |
|    **d/b/a Big R Transport** ] | **chapter 11** |
| ] | |
| **Debtor** ] | **Judge Jack B. Schmetterer** |

**MOTION FOR THE ENTRY OF A FINAL DECREE CLOSING THIS CHAPTER 11 CASE**

Now comes the debtor, and for its motion for the entry of a final decree closing this chapter 11 case, states:

**Introduction**

1. The Debtor commenced its chapter 11 case on November 28, 2012, by the filing of a voluntary petition as a small business.

2. The Debtor is a small regional trucking and transportation company serving the Chicagoland area, that has on the road various trucks and trailers; some which it leases and some which it owns.

3. The debtor successfully tendered its plan of reorganization to its creditors; and an order confirming the plan of reorganization (the 'Plan') was entered on June 20, 2013.

4. The order confirming the Plan has become final, and the case has been fully administered.

5. The debtor has commenced making payments pursuant to the terms of the Plan. A list of initial payments are attached hereto as Exhibit 'A'.

6. Payments have been made to the Office of the United States Trustee as required.

7. All contested matters and motions have been resolved.

8. 11 USC §350 (a) provides that after a case has been fully administered the Court shall close the case. Rule 3022 of the Rules of Bankruptcy Procedure provides that ..'[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest shall enter a final decree closing the case'.

9. Courts determine on a case-by-case basis by analyzing relevant factors to determine if a case is fully administered and can be closed. *In re Union Home and Industrial, Inc*. 375 B.R. 912, 917 (10th Cir. 2007) (citing *In re Federated Dept Stores*, Inc. 43 Fed. Appx. 820, 822 (6th Cir. 2002)).

10. The Court in *In re SL Management, LLC*, 2010 WL 1379749 (Bankr. N.D. Tex) concluded that "'fully administered' … does not require that all claims be paid as a condition to closing the case." *Id*. at *4. The Court continued recognizing that a Final Decree can be entered even when all the payments required by a plan are not completed. *Id*. (citations omitted).

11. The District Court in *In re JMP-Newcor International, Inc*., 225 B.R 462 (N.D. Ill. 1998) upheld the Bankruptcy Court's determination to close a pending Chapter 11 even though an adversary case remained open. *Id*. at 465. The District Court determined that making remaining disbursements and the adversary proceeding did not warrant keeping the case open. *Id*.

12. Pursuant to Section 350 (a) of the Bankruptcy Code and Bankruptcy Rule 3022, the debtor hereby seeks the entry of a Final Decree of the Court closing the Chapter 11 Cases.

13. The entry of a Final Decree is appropriate because the Plan has been substantially consummated.

14. The Confirmation Order is final, the Debtor has made the initial distributions pursuant to the terms of the Plan, monetized all significant assets, and completed the claim objection process.

15. The debtor asserts that the entry of the Final Decree is proper and furthers the best interests of the Debtors' estate and the creditors.

16. The debtor continues to incur fees under Section 1930. The entry of the Final Decree and closing the cases will stop the debtor from incurring quarterly fees and incurring expenses by maintaining the open Chapter 11 Case.

Wherefore: the debtor requests the entry of a Final Decree and an order closing this Chapter 11 Case effective as of the date the Court enters the Final Decree.

Respectfully submitted,

Symphony Transport, Inc. d/b/a Big R Transport

/s/Mitchell Elliot Jones
one of its attorneys

Mitchell Elliot Jones
Jones Law Offices
1236 Chicago Avenue
Suite 302
Evanston, Illinois 60202
(312) 282-7849